## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JHONY GUEVARA <br> c/o Zipin, Amster & Greenberg, LLC <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring. MD 20910 <br><br> And <br><br> ALEXIS LOZA <br> c/o Zipin, Amster & Greenberg, LLC <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring. MD 20910 <br><br> ***Individually and on behalf of all others similarly situated***, <br><br> Plaintiffs, <br><br> v. <br><br> SPARTAN ENTERPRISES, LLC <br> *d/b/a Spartan Electric Company* <br> 10097 Tyler Place # 9 <br> Ijamsville, MD 21754 <br><br> Serve:  Cheryl L. Robinson <br> 10097 Tyler Place # 9 <br> Ijamsville, MD 21754 <br><br> BOZZUTO CONSTRUCTION COMPANY <br> 6406 Ivy Lane, Suite 700 <br> Greenbelt, MD 20770 <br><br> Serve:  Richard L. Mostyn <br> 6406 Ivy Lane, Suite 700 <br> Greenbelt, MD 20770 <br><br> Defendants. | Civil Action No. _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiffs, Jhony Guevara ("Mr. Guevara") and Alexis Loza ("Mr. Loza") (together, "Plaintiffs"), bring this Class and Collective Action Complaint against Defendants Spartan Enterprises, LLC d/b/a Spartan Electric Company ("Spartan") and Bozzuto Construction Company ("Bozzuto") (together, "Defendants").

2.       This action is brought by Plaintiffs individually and on behalf of other similarly situated individuals seeking unpaid wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), the D.C. Wage Payment and Wage Collection Act ("DCWPA"), and the D.C. Minimum Wage Act Revision Act ("DCMWA").

3.      This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4.      The United States District Court for the District of Columbia has personal jurisdiction because during the relevant period, Defendants operated substantially and continuously providing electrical and other construction related work to clients, customers, and property owners, within the jurisdictional limits of the District of Columbia.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conducted business within the District of Columbia, and the substantial majority of Plaintiff's herein relevant job duties and the events or omissions giving rise to these claims occurred within the jurisdictional limits of the District of Columbia.

6.      The claims for violations of the DCWPA and DCMWA are based upon the statutory law of the District of Columbia.

7.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

8.      All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

9.      At all times material to this action, each of the Defendants qualified as the employer of Plaintiffs and the Class Members within the defined scope of the FLSA, 29 U.S.C. § 203(d).

10.     At all times material to this action, Plaintiffs and Class Members were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

11.     At all times material to this action, Defendants qualified as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.     By acting as the named plaintiffs in this action, each Plaintiff does hereby provide the court within his written notice and consent to participate as a plaintiff and named class/collective representative to prosecute claims against Defendants for unpaid wages under the FLSA and District of Columbia law.

## THE PARTIES

13.     Plaintiffs are adult residents of Hyattsville, Maryland.

14.     Spartan is a Maryland limited liability company engaged in the business of providing electrical contracting services to public and private construction projects throughout the District of Columbia and surrounding states.

3

15.     Spartan's principal office is located at 10097 Tyler Place, Ijamsville, Maryland 21754.

16.     Bozzuto is a Maryland corporation that operates as a general contractor and construction manager on public and private projects throughout the Washington, D.C. Metropolitan Area.

17.     Bozzuto's principal office is located at 6406 Ivy Lane, Suite 700, Greenbelt, Maryland 20770.

18.     During the relevant period, Defendant Bozzuto or a real estate developer to which Bozzuto directly reports, acted as signatory to a contract with the District of Columbia Housing Authority for the construction of the Harlow Apartments as part of the revitalization of the Arthur Capper and Carrollsburg public housing projects.  This project was funded in part by a HOPE VI Program grant from the United States Department of Housing and Urban Development (hereinafter, "the Revitalization Project").

19.     The electrical and related duties performed by Plaintiffs and the Class Members relevant to this action were performed at 1100 Second Place SE in Washington, DC ("the Complex").

20.     The Complex is a very large multi-family housing property located within the District of Columbia.

21.     On information and belief, about 20-30 percent of the units in the Complex are reduced rent housing units subsidized by the District of Columbia and United States Government.

22.     During the relevant period, Plaintiffs and other Class Members performed electrician work duties within the Complex on and in units were funded and paid for by the District of Columbia and United States Government from money from the Revitalization Project.

23.     At all times relevant to this action, Spartan performed electrical work and related duties on all units within the Complex as a direct electrical subcontractor of Bozzuto.

24.     At all times relevant to this action Bozzuto was Spartan's General Contractor for overseeing and directing electrical work performed by Spartan's employees including Plaintiffs and the Class Members.

25.     Under arrangements and agreements between Bozzuto and Spartan, Bozzuto delegated and sub-contracted the performance of its electrical work duties within the Complex to Spartan.  Under this arrangement and agreement, Bozzuto and its management supervised and directed the details, specifics, and the overall performance of the job duties performed by Plaintiff and the Class Members who were under the direct employ of Spartan.  As part of this agreement and arrangement, Bozzuto, at all times, had full authority to discipline, suspend, and or terminate Plaintiff and the other Class members under the direct employ of Spartan and otherwise had full power and control over the performance of the job duties of Plaintiff and the Class Members as if these individuals were performing work directly for Bozzuto.

26.     In the performance of their work duties, Plaintiffs and the Class Members knew and understood that managers from Spartan and from Bozzuto were their managers and supervisors and could and in fact did dictate and direct their job duties within the Complex, and could and in fact did punish or discipline Plaintiff and the Class Members.

27.     Both Defendants are liable to Plaintiffs and the Class Members for unpaid wages and damages under the FLSA law because each qualify as their "employers" under the FLSA statutory definition.

28.     Both Defendants are liable to Plaintiffs and the Class Members for unpaid wages and damages under the District of Columbia law because each qualify as their "employers" under the statutory definition, which provides that "'employer' includes every individual, partnership, firm, general contractor, subcontractor, association, corporation, the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, general contractor, subcontractor, association, or corporation, employing any person in the District of Columbia."  D.C. CODE § 32-1301(1B); *see also Harris v. Medical Transp. Mgmt*., 300 F. Supp. 234 (D.D.C. 2018) (general contractor and subcontractor may both be liable as joint employers under the DCWPCL).

29.     All work electrician duties performed by Plaintiffs and the Class Members on units within the Complex that were funded or subsidized by the Revitalization Project should have been paid at a scale rate of $43.70 per hour.

30.     The requirement that Plaintiffs and all similarly situated class members be paid at the "scale" rate for electrician work duties performed on units within the Complex funded or subsidized by the Revitalization Project is set forth in contracts between Buzzuto and/or its developer with the District of Columbia and/or United States Government to which Plaintiffs and the Class Members are intended beneficiaries.  The same requirement is also set forth under the Davis Bacon Act and District of Columbia law.

6

## STATEMENT OF FACTS

31.     Mr. Guevara was directly employed by Spartan as an electrician from around September 9, 2017 until around March 27, 2019.

32.     During a significant portion of Mr. Guevara's employment, Mr. Guevara performed electrician work duties for the benefit of Defendants within the Complex.

33.     During a significant portion of Mr. Guevara's employment, Mr. Guevara performed electrician duties on units within the Complex funded or subsidized by the Revitalization Project.

34.      Mr. Loza was directly employed by Spartan as an electrician from around August 2018 until around April 26, 2019.

35.     During a significant portion of Mr. Loza's employment, Mr. Loza performed electrician work duties for the benefit of Defendants within the Complex.

36.     During a significant portion of Mr. Loza's employment, Mr. Loza performed electrician duties on units within the Complex funded or subsidized by the Revitalization Project.

37.     During the relevant period, Plaintiffs and the Class members performed about 25% to 30% of their electrician duties on units within the Complex funded or subsidized by the Revitalization Project.

38.     During the relevant period, Spartan generally and customarily paid Plaintiffs and the Class Members about 20% or less of their weekly non-overtime wages at the "scale" rate of $43.70 per hour required for performance of electrician work duties on units within the Complex funded or subsidized by the Revitalization Project.

39.     During the relevant period, Spartan generally and customarily paid Plaintiffs and the Class Members about 80% or more of their weekly non-overtime wages  at non-scale rate of $17.00 per hour or at a similar non-scale hourly rate.

40.     For each week that Plaintiffs and the Class Members worked in the Complex, Spartan failed to pay Plaintiffs and the Class Members "scale" wages for about 2-4 non-overtime hours worked each week.

41.     While performing electrician duties within the Complex, Plaintiffs and other Class Members regularly and customarily worked overtime more than forty (40) hours per week.

42.     Customarily, while performing electrical duties within the Complex, Plaintiffs and other Class Members worked between forty (40) to fifty (50), and often more, hours per week.

43.     At all times, Defendants had actual knowledge of all hours Plaintiffs and other Class Members worked each week and directed, suffered, or permitted Plaintiffs and other Class Members to regularly and customarily worked between forty (40) to fifty (50), and often more, hours per week.

44.     For overtime hours Plaintiffs and the Class Members worked more than forty (40) hours per week, Defendants required to pay Plaintiffs and the Class Members at the "blended" time-and-one-half rate as described by 29 CFR § 778.115 ("Where an employee in a single workweek works at two or more different types of work for which different non-overtime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates and are then divided by the total number of hours worked at all jobs.").

45.     Notwithstanding that Plaintiffs and the Class Members performed duties each week at two different rates, Spartan unlawfully paid Plaintiffs and the Class Members for overtime worked more than forty (40) hours per week at improper lower non-blended rate of one-and-one-half times Plaintiffs and the Class Members' non-scale rate.

46.     Defendants now owe Plaintiffs and the Class Members the difference between the required blended time-and-one-half rate owed and the unlawful and improper lower non-blended time-and-one-half rate paid each overtime hour Plaintiffs and the Class Members worked more than forty (40) hours per week.

47.     At all times relevant to this action, Defendants had actual knowledge of the Federal and District of Columbia overtime compensation requirements.

48.     At all times relevant to this action, Defendants had actual knowledge that Spartan's failure to pay Plaintiffs and the Class Members at the proper blended time-and-one-half rate for overtime worked more than forty (40) hours per week was in direct violation of the Federal and District of Columbia overtime compensation requirements.

49.     Without legal excuse or justification, Spartan failed to pay Plaintiffs any wages for their first week of work.

50.     Without legal excuse or justification, Spartan failed to pay Mr. Loza any wages for his last week of work.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiffs brings their claim for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

52.     Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who:

i.      Work or worked for Defendants performing electrician duties within the Complex on units that were and were not funded or subsidized by the Revitalization Project at any time within the three (3) year period prior to joining this lawsuit;

ii.      Who worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit;

iii.      Who were not paid at the FLSA required time-and-one-half blended overtime rate for overtime worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit.

## DCMWA/DCWPA CLASS ACTION ALLEGATIONS

53.      Plaintiffs bring their counts against Defendants for violations of the DCMWA and DCWPA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPA.

54.      The Proposed DCMWA and DCWPA Class includes:

i.      Who work or worked for Defendants performing electrician duties within the Complex on units that were and were not funded or subsidized by the Revitalization Project at any time within the three (3) year period prior to joining this lawsuit;

ii.      Who were not paid at the required "scale" rate for all electrician work duties performed within the Complex on units that were funded or subsidized by the Revitalization Project; and/or

iii.      Who worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit and were not paid at the required time-and-one-half blended overtime rate for overtime worked more than forty (40) hours in any week within the three (3) year period

prior to joining this lawsuit.

55.    The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56.    While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises at least forty (40) individuals.

57.    There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Plaintiffs and Class Members has been harmed by Defendants' knowing, willful, intentional payroll scheme to deny Plaintiffs and Class Members of wages and overtime wages required by District of Columbia law.

58.    The claims of Plaintiffs are typical of the claims of each Class Member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

59.    All Class Members were subject to the same compensation practices of Defendants, as alleged herein.

60.    Defendants' compensation policies and practices affected all Class Members similarly.

61.    Plaintiff and the Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

62.    Plaintiff can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiffs and any of the Class Members.

63.     Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

64.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

65.     Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

66.     Defendants violated the District of Columbia wage payment laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former

12

employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks

## COUNT I
### Violation of the FLSA

67.     Plaintiffs incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

68.     Pursuant to the FLSA, Defendants were required to pay Plaintiffs and the Class Members at the rate of one-and-one-half times their regular hourly rate for overtime worked over forty (40) hours per week.

69.     As set forth above, Defendants failed to pay Plaintiffs and the Class Members the required full blended time-and-one-half rate for overtime worked over forty (40) hours per week.

70.     As set forth above, Defendants knowingly and intentionally violated the FLSA overtime compensation requirement by paying Plaintiffs and the Class Members for overtime worked over forty (40) hours per week by paying these individuals at the lower hourly rate time-and-one-half rate instead of the required higher blended time-and-one-half overtime rate.

71.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

72.     Plaintiffs and the Class Members seek to recover from Defendants the following damages:

a.      Unpaid overtime wages for overtime worked over forty (40) hours per week;

b.      Statutory liquidated damages;

c.      Attorneys' fees and costs at Salazar Index rates; and

d.      All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the DCMWA

73.      Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

74.      Pursuant to District of Columbia law, Defendants were required to pay Plaintiffs and the Class Members at the rate of one-and-one-half times their regular hourly rate for overtime worked over forty (40) hours per week.

75.      As set forth above, Defendants failed to pay Plaintiffs and the Class Members the required full blended time-and-one-half rate for overtime worked over forty (40) hours per week.

76.      As set forth above, Defendants knowingly and intentionally violated the District of Columbia overtime compensation requirement by paying Plaintiffs and the Class Members for overtime worked over forty (40) hours per week by paying these individuals at the lower hourly rate time-and-one-half rate instead of the required higher blended time-and-one-half overtime rate.

77.      Plaintiff seek to recover from Defendants the following damages:

a.      Unpaid overtime wages for overtime worked over forty (40) hours per week;

b.      Statutory liquidated damages;

c.      Attorneys' fees and costs at Salazar Index rates; and

d.      All other legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of the DCWPA

78.      Plaintiffs incorporate by reference all preceding paragraphs as if the same were

repeated here verbatim.

79.     District of Columbia law required Defendants to pay Plaintiffs and the Class Members all wages due and owing for work duties performed.

80.     As set forth above, without legal excuse or justification, Defendants failed to pay Plaintiffs and the Class Members all "scale" wages due and owing for work duties performed within the Complex in units that were funded or subsidized by the Revitalization Project.

81.     Further, as set forth above, Defendants failed to pay Plaintiffs and the Class Members all wages due and owing for overtime Plaintiffs and the Class Members worked over forty (40) hours per week by paying these individuals at the lower hourly rate time-and-one-half rate instead of the required higher blended time-and-one-half overtime rate.

82.     As a result of Defendants' unlawful policies and practices, Plaintiffs and the Class Members have been deprived of compensation due and owing.

83.     Plaintiffs seek to recover from Defendants the following damages:

a.  Unpaid "scale" wages for work duties performed within the Complex on units funded or subsidized by the Revitalization Project;

b.  Unpaid overtime wages for overtime worked over forty (40) hours per week;

c.  Statutory liquidated damages;

d.  Attorneys' fees and costs at Salazar Index rates; and

e.  All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs and the Class Members collectively pray that this Honorable Court:

1.  Issue an Order certifying this action as a collective action under the FLSA, and

15

designate Plaintiffs as representative of all those similarly situated under the FLSA collective action;

2.   Issue an Order certifying this action as a class action under the DCMWA and DCWPA, and designate Plaintiffs as representative on behalf of all those similarly situated under the DCMWA and DCWPA classes;

3.   Award Plaintiff and all Class Members actual damages for all wages found due to Plaintiffs and the Class Members, plus an award of statutory liquidated damages as provided by the FLSA, DCMWA, and DCWPA;

4.   Award Plaintiffs and the Class Members attorneys' fees, costs, and disbursements calculated at Salazar Index Rates; and

5.   Award Plaintiff and the Class Members further legal equitable relief as this Court deems necessary, just and proper.

Dated:  May 22, 2020                    Respectfully submitted,

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs and the Class Members*