## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JHONY GUEVARA, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Case 1:20-cv-01383-JEB** |
| | : | |
| **v.** | : | |
| | : | |
| **SPARTAN ENTERPRISES, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### DEFENDANT SPARTAN ENTERPRISES, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Spartan Enterprises, LLC (hereinafter "Spartan" or "Defendant"), by its undersigned attorneys, hereby answers Plaintiffs' Class and Collective Action Complaint ("Complaint") as follows:

Defendant responds to the numbered paragraphs in Plaintiffs' Complaint as follows:

1.      Defendant admits that Plaintiffs have filed this action against the stated parties.

2.      The allegations contained in ¶ 2 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding subject matter jurisdiction to which no answer is required. To the extent an answer is required, denied.

3.      The allegations contained in ¶ 3 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding subject matter jurisdiction to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 3 of the Complaint.

4.      The allegations contained in ¶ 4 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding jurisdiction to which no answer is required. To

the extent an answer is required, Defendant denies the allegations contained in ¶ 4 of the Complaint.

5.    The allegations contained in ¶ 5 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding venue to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 5 of the Complaint.

6.    The allegations contained in ¶ 6 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding subject matter jurisdiction to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 6 of the Complaint.

7.    The allegations contained in ¶ 7 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding jurisdiction to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 7 of the Complaint.

8.    The allegations contained in ¶ 8 of the Complaint are conclusions of law or mixed conclusions of law and fact regarding jurisdiction to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 8 of the Complaint.

9.    The allegations contained in ¶ 9 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 9 of the Complaint.

10.     The allegations contained in ¶ 10 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 10 of the Complaint.

11.     The allegations contained in ¶ 11 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in ¶ 11 of the Complaint.

12.     The allegations contained in ¶ 12 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. Defendant denies that Plaintiffs or any of the individuals they purport to represent or otherwise include in this action are entitled to any relief and further denies that this case are suitable for collective or class action treatment. Defendant denies the remaining allegations in ¶ 12.

## THE PARTIES

13.     Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in ¶ 13. To the extent a response is required, denied.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted

18.     Any contractual document referenced therein speaks for itself. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 18. To the extent a response is required, denied.

19.     Admitted to the extent certain employees of Defendant Spartan performed electrical work on the "769 Capper" project, which may have included the Complex. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 19. To the extent a response is required, denied.

20.     Denied as phrased.

21.     To the extent that the allegations contained in ¶ 21 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 21. To the extent a response is required, denied.

22.     To the extent that the allegations contained in ¶ 22 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent certain employees of Defendant Spartan performed electrical work on the "769 Capper" project, which may have included the Complex, on behalf of Defendant Bozzuto. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 22. To the extent a response is required, denied.

23.     To the extent that the allegations contained in ¶ 23 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent certain employees of Defendant Spartan performed electrical work on the "769 Capper" project, which may have included the Complex, on behalf of Defendant Bozzuto. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 23. To the extent a response is required, denied.

24.     To the extent that the allegations contained in ¶ 24 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to

the extent Defendant Spartan contracted to perform electrical work on the "769 Capper" project, which may have included the Complex, on behalf of Defendant Bozzuto. Any contractual documents relating to the project speak for themselves. To the extent further response is required, denied.

25.     To the extent that the allegations contained in ¶ 25 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Any contractual documents speak for themselves. Admitted to the extent Defendant Spartan performed electrical work on the "769 Capper" project, which may have included the Complex, on behalf of Defendant Bozzuto. To the extent further response is required, denied.

26.     To the extent that the allegations contained in ¶ 26 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent Defendant Spartan performed electrical work on the "769 Capper" project, which may have included the Complex, on behalf of Defendant Bozzuto. Any contractual documents speak for themselves. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 26. To the extent a response is required, denied.

27.     To the extent that the allegations contained in ¶ 27 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

28.     To the extent that the allegations contained in ¶ 28 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

29.     To the extent that the allegations contained in ¶ 29 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

30.      To the extent that the allegations contained in ¶ 30 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Any contractual documents speak for themselves. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 30. To the extent a response is required, denied.

## STATEMENT OF FACTS

31.     To the extent that the allegations contained in ¶ 31 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent that Plaintiff Guevara was employed by Spartan in 2017, 2018, and 2019. To the extent further response is required, denied.

32.     Admitted to the extent Plaintiff Guevara worked on the "769 Capper" project, which may have included the Complex. Additional allegations contained in ¶ 32 of the Complaint are denied as phrased.

33.     To the extent that the allegations contained in ¶ 33 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent Plaintiff Guevara was classified as an electrician and certain hours of his work were included in certified payroll for the "1939-CAPPER AFFORDABLE UNITS 769N" project that was submitted to the U.S. Department of Labor. To the extent further response is required, denied as phrased.

34.     To the extent that the allegations contained in ¶ 34 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent that Plaintiff Loza was employed by Spartan in 2018 and 2019. To the extent further response is required, denied.

35.     Admitted to the extent Plaintiff Loza worked on the "769 Capper" project, which may have included the Complex. Additional allegations contained in ¶ 35 of the Complaint are denied as phrased.

36.     To the extent that the allegations contained in ¶ 36 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent Plaintiff Loza was classified as an electrician and certain hours of his work were included in certified payroll for the "1939-CAPPER AFFORDABLE UNITS 769N" project that was submitted to the U.S. Department of Labor. To the extent further response is required, denied as phrased.

37.     To the extent that the allegations contained in ¶ 37 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 37. To the extent further response is required, denied.

38.     To the extent that the allegations contained in ¶ 38 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent Spartan paid employees on the project at a blended rate. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 38. To the extent further response is required, denied.

39.     To the extent that the allegations contained in ¶ 39 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to the extent that Spartan paid Plaintiffs at blended pay rates, pursuant to contractual requirements. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 39. To the extent further response is required, denied.

40.     To the extent that the allegations contained in ¶ 40 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

41.     To the extent that the allegations contained in ¶ 41 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

42.     To the extent that the allegations contained in ¶ 42 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

43.     To the extent that the allegations contained in ¶ 43 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

44.     To the extent that the allegations contained in ¶ 44 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

45.     To the extent that the allegations contained in ¶ 45 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Admitted to

the extent that Spartan paid Plaintiffs at blended pay rates, pursuant to contractual requirements. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in ¶ 45. To the extent further response is required, denied.

46.     To the extent that the allegations contained in ¶ 46 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

47.     To the extent that the allegations contained in ¶ 47 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required.

48.     To the extent that the allegations contained in ¶ 48 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. Otherwise, the allegations contained in ¶ 48 of the Complaint are denied.

49.     Denied.

50.     Denied.

## COLLECTIVE ACTION ALLEGATIONS

51.     Defendant admits that Plaintiffs purport to bring the Collective Action Allegations pursuant to 29 U.S.C. § 216(b) as alleged in ¶ 51 of the Complaint. Defendant denies that Plaintiffs or any of the individuals they purport to represent or otherwise include in this action are entitled to any relief and further denies that this case is suitable for collective or class action treatment. Defendant denies the remaining allegations in ¶ 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint and, therefore, denies them. Defendant further denies that this case is suitable for collective or class action treatment.

## DCMWA/DCWPA CLASS ACTION ALLEGATIONS

53.     Defendant admits that Plaintiffs purport to brings their counts for violations of the DCMWA and DCWPA as a class action pursuant to FRCP 23(a) and (b)(3), pursuant to ¶ 53 of the Complaint. Defendant denies that Plaintiffs or any of the individuals they purport to represent or otherwise include in this action are entitled to any relief and further denies that this case are suitable for collective or class action treatment. Defendant denies the remaining allegations in ¶ 53.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint and, therefore, denies them. Defendant further denies that this case is suitable for collective or class action treatment.

55.     Defendant denies the allegations in ¶ 55 of the Complaint.

56.     Defendant denies the allegations in ¶ 56 of the Complaint.

57.     Defendant denies the allegations in ¶ 57 of the Complaint.

58.     Defendant denies the allegations in ¶ 58 of the Complaint.

59.     Defendant denies the allegations in ¶ 59 of the Complaint.

60.     Defendant denies the allegations in ¶ 60 of the Complaint.

61.     Defendant denies the allegations in ¶ 61 of the Complaint.

62.     Defendant denies the allegations in ¶ 62 of the Complaint.

63.     Admitted.

64.     Defendant denies the allegations in ¶ 64 of the Complaint as phrased.

65.     Defendant denies the allegations in ¶ 65 of the Complaint as phrased.

66.     Defendant denies the allegations in ¶ 66 of the Complaint as phrased.

## COUNT I
**Violation of FLSA**

67.     No response needed.

68.     To the extent that the allegations contained in ¶ 68 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

69.     To the extent that the allegations contained in ¶ 69 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

70.     To the extent that the allegations contained in ¶ 70 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

71.     To the extent that the allegations contained in ¶ 71 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

72.     Defendant denies Plaintiffs' claims and further denies that Plaintiffs are entitled to any amounts claimed in sections a. – d. of the unnumbered paragraph following ¶ 72.

## COUNT II
**Violation of the DCMWA**

73.     No response necessary.

74.     To the extent that the allegations contained in ¶ 74 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

75.     To the extent that the allegations contained in ¶ 75 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

76.     To the extent that the allegations contained in ¶ 76 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

77.     Defendant denies Plaintiffs' claims and further denies that Plaintiffs are entitled to any amounts claimed in sections a. – d. of the unnumbered paragraph following ¶ 78.

### COUNT III
### Violation of the DCWPA

78.     No response necessary.

79.     To the extent that the allegations contained in ¶ 79 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

80.     To the extent that the allegations contained in ¶ 80 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

81.     To the extent that the allegations contained in ¶ 81 of the Complaint are conclusions of law or mixed conclusions of law and fact, no answer is required. To the extent further response is required, denied.

82.     Denied.

83.     Defendant denies Plaintiffs' claims and further denies that Plaintiffs are entitled to any amounts claimed in sections a. – e. of the unnumbered paragraph following ¶ 78.

## RELIEF SOUGHT

84.     To the extent that Plaintiffs' prayer for relief requires a response, Defendant denies that Plaintiffs or any of the individuals they purport to represent or otherwise include in this action are entitled to any relief sought, denies that this case is suitable for collective or class action treatment, and denies the entirety of Plaintiffs' claims under the FLSA, Davis-Bacon Act, the DCMWA, and the DCWPA.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendant reserves the right to amend its Answer and Affirmative and Other Defenses to Plaintiffs' Complaint and to assert any affirmative or other defenses as may become available or apparent during the course of this litigation, in accordance with applicable law and rules of this Court.

### FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state claims upon which the relief sought may be granted.

### SECOND DEFENSE

At all times relevant and material to this matter, Plaintiffs, and the members of any putative class and/or collective, were paid in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (including, but not limited to, the Act's overtime provisions, *see* 29 U.S.C. § 207), D.C. Wage Laws (including, but not limited to, D.C. Code §§ 32-1001 *et seq.* and D.C. Code §§ 32-1301 *et seq.*), and the Davis-Bacon Act 40 U.S.C. § 3141 *et seq.*

**THIRD DEFENSE**

Plaintiffs' claims, as well as the claims of the purported class and collective action members they purport to include or represent in this lawsuit, are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH DEFENSE**

This case may not be maintained as a collective action because Plaintiffs cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority, including any provisions of the D.C. Wage Laws permitting an individual to maintain an action on a class or collective basis. Defendant specifically maintains that Plaintiffs' pleadings fail to meet the requirements necessary to justify a collective action or issuances of notice to putative collective action members.

**FIFTH DEFENSE**

To the extent that Plaintiffs purport to assert a collective and/or class action, certain members of the putative collective and/or class are barred, in whole or in part, from becoming a member of any purported class or collective because of their agreement to resolve through individual arbitration certain disputes arising out of their employment.

**SIXTH DEFENSE**

This case may not be maintained as a class action because Plaintiffs cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority, including any provisions of the D.C. Wage Laws permitting an individual to maintain an action on a class or collective basis. Defendant specifically maintains that Plaintiffs' pleadings fail to meet the requirements necessary to justify a class action.

**SEVENTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred in whole or in part because Plaintiffs and the purported class and collective action members they purport to include or represent in this lawsuit are exempt from the overtime requirements of the FLSA, Davis-Bacon Act, DCMWA, and DCWPA, pursuant to the administrative, executive exemption, combination, and/or highly-compensated exemptions.

**EIGHTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that its actions (or omissions) with respect to Plaintiffs and the purported class and collective action members they purport to include or represent in this lawsuit were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

**NINTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that its actions (or omissions) with respect to Plaintiffs and the purported class and collective action members they purport to include or represent in this lawsuit were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA, Davis-Bacon Act, DCMWA, and DCWPA.

**TENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported class and collective action members they purport to include or represent in this lawsuit prevail, Defendant is entitled to a set-off with respect to any monies paid to such individual(s) for any hours when they were not performing work for Defendant.

## ELEVENTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported class and collective action member they purport to include or represent in this lawsuit were not paid for work in excess of 40 hours in a workweek and are owed for such time, the uncompensated time is *de minimis*.

## TWELFTH DEFENSE

Some or all of the purported claims stated in the Complaint are barred in whole or in part by the Plaintiffs' election of alternative remedies.

## THIRTEENTH DEFENSE

Plaintiffs and any member of the putative class or collective action are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA, Davis-Bacon Act, DCMWA, and DCWPA.

## FOURTEENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims, and those of the members of any putative class and/or collective, are barred by the doctrines of laches, waiver, and/or estoppel.

## FIFTEENTH DEFENSE

Any and/or all of Defendant's affirmative and additional defenses may also apply to any claims alleged by any member of Plaintiffs' proposed class and/or collective.

## SIXTEENTH DEFENSE

Even if Plaintiffs were not paid overtime in a workweek, Plaintiffs were properly compensated because, *inter alia*, such hours did not constitute compensable time.

**SEVENTEENTH DEFENSE**

If Plaintiffs have sustained any damages, although such is not admitted herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and/or recoupment to offset all compensation, time off, benefits or other appropriate amounts against any judgment that may be entered against Defendant.

**EIGHTEENTH DEFENSE**

Any claims for punitive damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiffs their protected rights and are not so wanton or willful as to support an award of punitive damages.

**NINETEENTH DEFENSE**

Plaintiffs' damages, if any, were directly and proximately caused by the acts, errors and/or omissions of third parties over whom Defendant is not legally responsible and over whom Defendant had no control.

**TWENTIETH DEFENSE**

Plaintiffs' claims may be barred for failure to exhaust administrative remedies as a condition precedent to the filing of this lawsuit.

**TWENTY FIRST DEFENSE**

Plaintiffs' FLSA, DCMWA, and DCWPA are duplicative in nature and may be barred, in part or in whole, by operation of law.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses depending on any evidence discovered in the course of this litigation.

**WHEREFORE**, having fully answered, Defendant, Spartan Enterprises, LLC, respectfully requests judgment:

(1)     Dismissing Plaintiffs' Complaint, and Plaintiffs' claims

therein, with prejudice and in their entirety;

(2)     Denying collective action and class action status;

(3)     Awarding Defendant its costs, including reasonable attorney fees, and

expenses, in the amount and manner permitted by applicable law; and

(4)     Granting Defendant such other and further relief as the Court deems just and

proper.

*Dated: July 8, 2020*

Respectfully submitted,

**GLEASON, FLYNN, EMIG
& MCAFEE, CHARTERED**


*/s/ Gerard J. Emig*
**Gerard J. Emig, Esq.**
D.C. Bar No. 973609
*gemig@gleason-law.com*

*/s/ Nathan J. Postillion*
**Nathan J. Postillion**
D.C. Bar No. 1003850
*npostillion@gleason-law.com*
11 North Washington Street, Suite 400
Rockville, MD  20850
(301) 294-2110 (telephone)
(301) 294-0737 (facsimile)
***Attorneys for Defendant Spartan***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of July, 2020, a copy of the foregoing

Answer was served on:

Gregg C. Greenberg, Esq., Bar No. MD 17291
ZIPIN, AMSTER, & GREENBERG
8757 Georgia Avenue, Suite 400
Silver Spring, MD  20910
***Attorneys for Plaintiffs***

James D. Bragdon, Esq.
Mark Saudek, Esq.
218 N. Charles Street, Suite 400
Baltimore, MD 21201
***Attorneys for Defendant Bozzuto Construction Company***

*/s/ Nathan J. Postillion*
Nathan J. Postillion

20